IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MONIQUE TSE,

                Plaintiff,

                v.

WELLS FARGO BANK, N.A., et al.,

                Defendants.

NO. C10-4441 TEH

ORDER RE: MOTION TO REMAND

       This matter came before the Court on the motion to remand filed by Plaintiff Monique Tse ("Tse"). After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and VACATES the motion hearing scheduled for 10 a.m. January 24, 2011. For the reasons set forth below, the Court DENIES Plaintiff's motion.

       This lawsuit arises from the sale of real property at a foreclosure auction. According to Tse, the Rohnert Park, California, home she bought at auction and believed to be free of encumbrances was in fact encumbered by a second mortgage owned by the same bank that initiated the foreclosure sale. Tse filed suit against Defendants Wells Fargo Bank, N.A. (also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A.) ("Wells Fargo"), Cal-Western Reconveyance Corporation, and NDEX West, LLC, in Sonoma County Superior Court on August 23, 2010. She alleged fraud, deceit, false advertising, wrongful disclosure, unjust enrichment, and violation of the California Business & Professions Code sections 17200, *et seq.* Wells Fargo filed a notice of removal to federal court on October 1, 2010, based on diversity jurisdiction. Tse filed a motion to remand to state court on December 16, 2010, on the ground that Wells Fargo cannot establish diversity jurisdiction.

       Federal courts have jurisdiction over civil cases between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Diversity must be

complete, meaning that diversity is destroyed if even one plaintiff and one defendant are citizens of the same state. *Caterpillar, Inc. V. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). 28 U.S.C. section 1332 ("section 1332") provides that a corporation may be a citizen of two different states – the "State by which it has been incorporated and . . . the State where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1). However, 28 U.S.C. section 1348 ("section 1348") limits the citizenship of a national banking association to the state in which the association is "located." 28 U.S.C. § 1348. In a case that has been removed from state court pursuant to 28 U.S.C. section 1441, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). The 30-day deadline for motions to remand does not apply where the defect alleged is lack of subject matter jurisdiction. 28 U.S.C. § 1447.

Tse is a citizen of California, and Wells Fargo is a nationally chartered bank whose articles of association assert that its main office is in South Dakota.[1] Wells Fargo also maintains a principal place of business in San Francisco, California. *See DeLeon v. Wells Fargo Bank, N.A.*, No. CV 10-01390 JF, 2010 WL 2382404, at *2 (N.D. Cal. June 9, 2010); *Mount v. Wells Fargo Bank, N.A.*, No. CV 08-6298 GAF, 2008 WL 5046286, at *1 (C.D. Cal. Nov. 24, 2008). The question before the Court is whether Wells Fargo is a citizen of California, South Dakota, or both states. If Wells Fargo is a citizen of California, as Tse argues, diversity is destroyed. Because this defect would result in a lack of subject matter jurisdiction, the 30-day deadline does not bar Tse's motion to remand. *See* 28 U.S.C. § 1447.

The cases cited by Plaintiff make clear that section 1348, not section 1332(c)(1), governs the citizenship of a nationally chartered banking association. *See Horton v. Bank One, N.A.*, 387 F.3d 426 (5th Cir. 2004); *Firstar Bank, N.A. v. Faul*, 253 F.3d 982 (7th Cir. 2001). In *Horton* and *Firstar*, courts grappled with how to interpret section 1348 in light of the corporate citizenship provision of section 1332(c)(1). *Horton*, 387 F.3d at 431; *Firstar*,

---

[1] Wells Fargo's unopposed request to take judicial notice of its articles of association is GRANTED.

253 F.3d at 986. These cases did not apply section 1332(c)(1) directly to national banks. The Supreme Court has referred to sections 1348 and 1332(c)(1) as "counterpart provision[s]," with section 1348 governing national banking associations and section 1332(c)(1) governing corporations. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 951 n.9, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006). The Court declines Plaintiff's invitation to apply section 1332(c)(1) directly to Wells Fargo.

Section 1348 provides that "[a]ll national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 18 U.S.C. § 1348. In the course of holding that national banks are not "located" in every state in which they operate a branch, the Supreme Court stated that national banks are located "in the State designated in [the bank's] articles of association as its main office." *Schmidt*, 546 U.S. at 318. This is the so-called "main office" test for national banks' citizenship. The Court expressed no opinion as to whether national banks are also "located" in states in which they maintain a "principal place of business." *Id.* at 315 n.8. However, in footnote nine, the Court noted that section 1348 makes no reference to "principal place of business." *Id.* at 317 n.9. The Court explained that this omission is "of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide." *Id.* Footnote nine seems to accept that in a small number of cases, the fact that corporations and national banks live by different citizenship rules will have some practical significance, however scant. As another district court observed, "the fairest reading of footnote nine is that the Supreme Court expressed skepticism over whether the term 'located' in § 1348 included a national bank's 'principal place of business,' in view of the absence of such term in the statute." *Peralta v. Countrywide Home Loans, Inc.*, No. C 09-3288 PJH, 2009 WL 3837235, at *5 (N.D. Cal. Nov. 16, 2009) (citation omitted).

The Ninth Circuit offers no controlling authority on this question,[2] but district court decisions from within the Ninth Circuit favor a holding that a national bank "is a citizen of the state in which its main office, as specified in its articles of association, is located." *DeLeon*, 2010 WL 2382404, at *4; *see also Ngoc Nguyen v. Wells Fargo Bank, N.A.*, --- F.Supp.2d ----, No. C10-4081 EDL, 2010 WL 4348127 (N.D. Cal. Oct. 27, 2010); *Peralta*, 2009 WL 3837235; *contra Mount*, 2008 WL 5046286. The one post-*Schmidt* decision from within the Ninth Circuit that looks to a national bank's principal place of business to determine its citizenship is *Mount*, which has been rejected by later district courts. *See Ngoc Nguyen*, 2010 WL 4348127, at *4; *Peralta*, 2009 WL 3837235, at *4-5 ; *DeLeon*, 2010 WL 2382404, at *3. Accordingly, the test for a national bank's citizenship under section 1348 is determined solely by the location of its main office designated in its articles of association.[3]

In addition to her statutory arguments, Tse contends that Wells Fargo is estopped from arguing that it is not a citizen of California because it conceded California citizenship in other cases. However, in two of the cases cited by Tse, Wells Fargo merely agrees that its principal place of business is California. *See* Answer, *Miles v. Wells Fargo Bank*, CV 08-01991 PJH (N.D. Cal. July 31, 2006); *Jojola v. Wells Fargo Bank, N.A.*, No. C71-900, 1973 WL 158166 (N.D. Cal. May 2, 1973). As discussed above, Wells Fargo's principal place of business is irrelevant to national bank citizenship under section 1348. In another case, *Wells Fargo Bank, N.A. v. Siegel*, No. 05 C 5635, 2005 U.S. Dist. LEXIS 34138 (N.D. Ill. December 15, 2006), Wells Fargo's citizenship allegations were based upon its principal place of business and predated *Schmidt*.

---

[2] Defendants urge the Court to read *Lowdermilk v. United States Bank National Association*, 479 F.3d 994 (9th Cir. 2007), as an endorsement of the "main office" test and a rejection of the idea that "principal place of business" also determines a national bank's citizenship. While the *Lowdermilk* panel uses the words, "main office," in reference to the citizenship of a national bank, minimal diversity was not contested and thus the meaning of section 1348 was not briefed or argued before the court. *See id.*

[3] In her reply filed on January 12, 2011, two days after the deadline, Tse attempts to bolster her arguments with an article published in 2004. Even if the Court were inclined to consider Tse's reply, the article she cites was published before *Schmidt* and does not disturb this Court's analysis.

4

Using the "main office" standard articulated above, Wells Fargo is a citizen of South Dakota. Because complete diversity exists, the motion to remand is DENIED. Furthermore, because Wells Fargo's removal was meritorious, Tse's request for attorney's fees under section 1447(c) is DENIED.

The parties are hereby ORDERED to appear at a case management conference on February 7, 2011, at 1:30 p.m. The parties shall file a joint case management conference statement at least seven (7) days prior to the conference. At the conference, the Court will discuss the parties' settlement efforts and set a hearing date for the pending motion to dismiss and motion to strike.

**IT IS SO ORDERED.**

**Dated:** 1/19/11

**THELTON E. HENDERSON, JUDGE**
**UNITED STATES DISTRICT COURT**